# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| RONNIE K. HONGO | CIVIL ACTION NO. 17-0391-P |
| VERSUS | JUDGE HICKS |
| JERRY GOODWIN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT & RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ronnie K. Hongo ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 13, 2017. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and he complains that his civil rights were violated by prison officials. He names Jerry Goodwin, James LeBlanc, Dr. Hearns, Col. Nall, Warden Huff, Warden Rachel, and Officer Cody as defendants.

Plaintiff claims he was not sent to the orthopedic and neurology clinics. He claims he was not given an orthopedic pillow for his neck. He claims he was refused a permanent indoor duty status. Plaintiff claims he was denied his Albuteral inhaler. He claims he has not been given the proper dosage of his medication. Plaintiff claims Posted Policy #34 is violated. He claims the heat conditions are extreme.

Accordingly, Plaintiff seeks monetary compensation and punitive damages

For the following reasons, Plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

**LAW AND ANALYSIS**

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to properly exhaust available administrative remedies before filing a Section 1983 suit . See Woodford v. Ngo, 126 S.Ct. 2378 (2006). This exhaustion requirement requires proper exhaustion of administrative remedies in accordance with prison procedures, and an untimely or otherwise procedurally defective grievance or appeal will not suffice. Woodford, 126 S.Ct. 2378. The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). However, dismissal may be appropriate when, the complaint on its face establishes the inmate's failure to exhaust. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir.2007); Hicks v. Lingle, 370 Fed. Appx. 497, 498 (5th Cir.2010).

After reviewing Plaintiff's complaint, the court finds Plaintiff has failed to properly

exhaust administrative remedies. Plaintiff filed a grievance in the administrative remedy procedure regarding the claims he raised in this complaint. However, that grievance was rejected by the administration at the first step because it raised multiple issues and was lengthy [Doc. 1, p. 19].

Accordingly;

It is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this the

4th day of August, 2017.

                                          Mark L. Hornsby
                                          U.S. Magistrate Judge